DOMENGEAUX, Judge.
The incident which gives rise to this lawsuit occurred on Wednesday, June 30, 1982, at approximately 10:30 A.M. At that time, a Datsun automobile owned by S. Ross Maggio and being driven by his wife, Lanie Maggio, was damaged as it attempted to traverse a railroad crossing maintained by the Kansas City Southern Railway Company (hereinafter KCS). Plaintiffs are State Farm Mutual Automobile Insurance and the owner of the vehicle, S. Ross Maggio. At the time of the incident, State Farm had in force and effect a policy of insurance providing physical damage coverage to the Datsun automobile owned by Mr. Maggio. State Farm sues herein by virtue of subro-gation rights resulting from its payment under its coverage, and Mr. Maggio joins in for his deductible amount under his State Farm policy.
On June 30,1982, Mrs. Lanie Maggio left her home to attend classes at Northwestern State University. As she attempted to cross over railroad tracks maintained by KCS, her front wheels became lodged in a rut and the transmission struck the rail, resulting in the damage complained of.
After trial, judgment was rendered awarding State Farm and Mr. Maggio the damages complained of. From that judgment, KCS filed this suspensive appeal.
KCS now acknowledges its fault in creating a defective condition which resulted in the damage to the Maggio vehicle. The sole issue before this court is whether La-nie Maggio was contributorily negligent.
The trial judge obviously based his decision upon the traditional theory of negligence as set forth in La.C.C. Art. 2315 et seq. His decision is based solely upon a finding of fact that Lanie Maggio was not contributorily negligent. In his oral reasons for judgment, the judge stated that Mrs. Maggio observed all of the rules, and exercised all of the safety procedures that a careful motorist should. In absence of a clear abuse of discretion, this Court is not at liberty to reverse the lower court on this finding of fact.
The Louisiana Supreme Court in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), stated that an:
“... appellate court should not disturb such a finding of fact unless it is clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).”
We cannot say the "trial court was manifestly erroneous in holding that the accident of June 30, ¿£>82, resulted solely from the negligence of the agents and employees of KCS.
*231 The evidence shows that at the time of the accident, Mrs. Maggio was justified in her conclusion that all work on the railroad crossing in question had been completed. There is some conflict in the testimony as to what Mr. Buddy Roberts, KCS’s section foreman, told Mrs. Maggio prior to beginning construction on the railway crossing. According to Mrs. Maggio, Mr. Roberts advised her on the Friday preceding the accident that KCS intended to work on the railway crossing the next Monday. She was told that she should get across before 7:30 A.M. because tbe crossing would be under repair the rest of the day. Mrs. Maggio stated that it was her understanding that all of the work was to have been completed on Monday. On the other hand, Mr. Roberts testified that when he spoke with Mrs. Maggio on the preceding Friday, he advised her that the crossing would be out of service for a “couple of days” and that if she intended to get across, it would be advisable that she park her car on the other side of the crossing or be across it before 8 o’clock Monday morning. Regardless of which version is accepted by the court, the result is the same. Even according to the version expressed by KCS’s own employee, the work would be completed in a couple of days, i.e., Monday and Tuesday. This accident occurred on the following Wednesday.
There was no evidence offered to indicate that Mrs. Maggio was operating her vehicle in any manner other than as a prudent and reasonable individual. Appellants argue that there existed a small ridge of rock on the outside of the rail which should have been visible to Mrs. Maggio. Apparently, appellants are of the opinion that if Mrs. Maggio had observed the small ridge of rocks, she would then have been under a duty to stop her vehicle, get out, and make a more careful inspection of the tracks before proceeding across. As a practical matter, this particular crossing had always been a rock crossing prior to the work that was done before the accident. Mrs. Mag-gio testified that as she approached the crossing she thought she saw rocks which were new and assumed the crossing had been completed.
Mrs. Maggio further testified that as she began to travel up the embankment to the crossing, the hood of the car completely obscured the tracks so that she could only see the top of the trees because the vehicle obviously pointed in an upward direction. Again the trial court held that Mrs. Maggio was operating the vehicle in an ordinary and prudent manner when this accident occurred. In view of the fact that Mrs. Maggio had been told either that the work would be completed in a “couple of days,” and in view of the fact that she traversed this particular crossing on Monday evening and two times on Tuesday without any difficulty whatsoever, and with the belief that the work had been completed, certainly she would not have been under any duty to get out of her vehicle and make a more careful inspection of the crossing on Wednesday.
We cannot say the trial court’s finding of fact was manifestly erroneous. Rather, we hold the trial court’s finding of fact that Mrs. Maggio did not act in a contributorily negligent manner is supported by the record.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant, the Kansas City Southern Railway Company.
AFFIRMED.